**Li Ping DONG, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,**
**Respondent.**

No. 04–2415.

United States Court of Appeals, Second Circuit.

March 16, 2006.

Theodore N. Cox, New York, NY, for Petitioner.

Lisa Godbey Wood, United States Attorney, Kyle G.A. Wallace, Assistant United States Attorney, Augusta, GA, for Respondent.

Present: ROSEMARY S. POOLER, B.D. PARKER, Circuit Judges, and DENNY CHIN, District Judge.*

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review be and it hereby is **DENIED.**

Li Ping Dong petitions for review of an April 21, 2004, order of the BIA affirming without opinion an immigration judge's ("IJ's") order denying her relief under the United Nations Convention Against Torture and other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal and hold as follows.

The IJ's adverse credibility determination was supported by substantial evidence in the form of major and material inconsistencies between the statements Dong gave when she first arrived in the United States and her testimony at her hearing, *see, e.g., Ramsameachire v. Ashcroft,* 357 F.3d 169, 180–81 (2d Cir.2004), because Dong largely conceded that she made the statements at issue and did not claim that the interview occurred under coercive circumstances, *see id.* at 179–80.

---

* The Honorable Denny Chin, United States District Judge for the Southern District of New York, sitting by designation.

The IJ's affirmable adverse credibility determination provides a sufficient basis for denying relief "where, as here, the applicant relies largely on testimonial evidence to establish her CAT claim, and does not independently establish a probability of torture." *Chen v. DOJ,* 434 F.3d 144, 163 (2d Cir. Jan.6, 2006). As Dong's testimony on facts material to her CAT claim was not credible and she offered insufficient independent evidence to establish that it was likely she would be tortured in China, she is not entitled to CAT relief.

We therefore deny Dong's petition for review. Consequently we also vacate the stay of removal previously granted.